IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KROTHOPIS THOMPSON,<br><br>Defendant. | Case No. CR11-0038<br><br>ORDER FOR PRETRIAL DETENTION |

On the 24th day of March, 2011, this matter came on for hearing on the Government's request to have the Defendant detained prior to trial. The Government was represented by Assistant United States Attorney Anthony Russell Morfitt. The Defendant appeared personally and was represented by his attorney, Stephen A. Swift.

## RELEVANT FACTS

On February 16, 2011, Defendant Krothopis Thompson was charged by Indictment (docket number 2) with possession of crack cocaine with the intent to distribute. Defendant entered a plea of not guilty and trial is scheduled before Chief Judge Linda R. Reade on May 23, 2011.

Cedar Rapids Police Officer Nathan Baughan testified regarding the circumstances underlying the instant charges. On July 7, 2010, at approximately 1:10 a.m., Officer Baughan conducted a traffic stop on a vehicle with expired registration. The driver of the vehicle was Defendant. There were also two female passengers in the vehicle. The stop occurred in the parking lot of the Westdale Court Apartments, where Defendant lived.

Defendant exited the vehicle and pulled an object from his left front pocket. The object fell to the ground, and Defendant kicked at it. Defendant's shoe came off while he was kicking at the object that fell on the ground. Officer Baughan detained Defendant.

Officer Baughan noticed an unusual amount of air-fresheners inside Defendant's vehicle. Officer Baughan called for assistance from a K-9 unit. The dog circled the vehicle, and indicated on the ground underneath the driver's side of the car. Officer Baughan found a cellophane bag under the vehicle, which contained 21 grams of crack cocaine.

According to the pretrial services report, Defendant is 33 years old. He was born and raised in Chicago, Illinois. Defendant stated that he moved to Cedar Rapids, Iowa, in about 2003.[1] Defendant is single and has never been married. He has six children from three prior relationships. All of the children reside with their mothers, most of whom live in Chicago.

Defendant is currently unemployed. He stated that over the past three years, he worked "off and on" as a barber, both in barber shops, and out of his prior residence. Defendant is in good physical health. He has no past or present mental health or emotional concerns. Defendant denied ever abusing alcohol, and denied the use of any illegal controlled substances.

Defendant has an extensive criminal history. In 1995, Defendant was arrested on four different occasions, and charged with criminal trespass, gambling, criminal trespass to vehicle, and possession of a controlled substance. All four of the charges were either stricken from the docket with leave to reinstate or not prosecuted. In 1996, Defendant was arrested on three different occasions and charged with possession of a controlled substance, domestic battery, and two counts of domestic battery and knowingly damaging property. All three of these charges were stricken from the docket with leave to reinstate.

In 1998, Defendant was arrested twice for aggravated assault. The disposition of the first arrest is unknown. On the second arrest, Defendant was also charged with violating a protection order. Defendant was later convicted on the aggravated assault and violation of a protection order charges, and sentenced to 1 year conditional discharge and

---

[1] Defendant's mother verified Defendant's residential history for the pretrial services officer, but estimated that Defendant had resided in Cedar Rapids for only about four years.

25 days of community service. On July 25, 2001, Defendant served 35 days in jail on the aggravated assault charge.

On March 13, 1999, while on conditional discharge in the aggravated assault and violation of protection order case, Defendant was charged with disorderly conduct. The charge was stricken from the docket with leave to reinstate. On April 29, 1999, also while on conditional discharge, Defendant was charged in two counts with manufacturing and delivering marijuana and possessing marijuana. The disposition of those charges is unknown.

In 2001, Defendant was charged with driving violations on three separate occasions. The disposition of each of those cases is unknown. In 2002, Defendant was arrested for mob action. The charge was stricken from the docket with leave to reinstate. On August 25, 2003, Defendant was charged and later convicted of aggravated unlawful use of a weapon. He was sentenced to 2 years conditional discharge.

On February 13, 2004, while on conditional discharge in the aggravated unlawful use of a weapon case, Defendant was charged with possession of less than 15 grams of cocaine. The case was not prosecuted. On February 27, 2004, while on conditional discharge, and while the possession of cocaine charge was pending, Defendant was charged with criminal trespass to state land. The charge was later stricken from the docket with leave to reinstate. On July 14, 2004, while on conditional discharge, and while the cocaine possession and criminal trespass charges were pending, Defendant was charged with battery and bodily harm. The charge was later stricken from the docket with leave to reinstate.

In 2006, Defendant was charged with disorderly conduct. The charge was later stricken from the docket with leave to reinstate. On April 26, 2007, Defendant was charged with failure to appear in Laporte County, Indiana. The disposition of the charge is unknown.

On May 3, 2009, Defendant was charged and later convicted of driving under the influence of alcohol in Will County, Illinois. On December 23, 2009, judgment was

withheld, and Defendant was given 2 years of supervision. On December 3, 2010, Defendant was sentenced to 10 days in jail.

On July 3, 2010, Defendant was charged and later convicted of possession of a controlled substance in Linn County, Iowa. On January 12, 2011, Defendant was sentenced to 2 days in jail. On July 7, 2010, while on release on bond in the possession of a controlled substance case, Defendant was charged in three counts with a controlled substance violation, failure to affix a tax stamp, and driving with a denied, suspended, cancelled, or revoked license. All of the charges were dismissed on February 25, 2011. (These charges appear to relate to the incident giving rise to the instant federal charge, and were apparently dismissed after the indictment was returned on February 16.) On September 30, 2010, while on release on bond in both of the July 2010 cases, Defendant was charged with reckless conduct in Cook County, Illinois. A warrant for bail bond forfeiture was issued on September 30, 2010 in that case.

## DISCUSSION

The release or detention of a defendant pending trial is governed by the Bail Reform Act of 1984, 18 U.S.C. § 3142. In *United States v. Salerno*, 481 U.S. 739 (1987), the United States Supreme Court upheld the constitutionality of the Bail Reform Act of 1984, while noting that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." *Id.* at 755.

If the government moves to have a defendant detained prior to trial, the court must undertake a two-step inquiry. *United States v. Friedman*, 837 F.2d 48, 49 (2d Cir. 1988). It must first determine by a preponderance of the evidence whether defendant has been charged with a certain type of offense listed in 18 U.S.C. § 3142(f)(1), or that the defendant presents certain risk factors, as identified in § 3142(f)(2). *Id.* Once this determination has been made, the court then determines whether any condition or combination of conditions will reasonably assure the defendant's appearance at trial and the safety of the community. *Id.*

In seven enumerated circumstances, a judicial officer must hold a hearing to determine whether any release condition or combination of release conditions will reasonably assure the appearance of defendant as required and the safety of the community. 18 U.S.C. § 3142(f). The first five enumerated circumstances refer to "offense types," such as crimes of violence, serious drug offenses, and felonies involving minor victims. 18 U.S.C. § 3142(f)(1). The last two enumerated circumstances where a hearing is required involve "risk factors." 18 U.S.C. § 3142(f)(2). In this case, Defendant is charged with possession of crack cocaine with the intent to distribute, one of the offenses found in § 3142(f)(1). Also, the Government alleges a serious risk of flight.

If, following a hearing, "the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community," then the judicial officer must order the defendant detained pending the trial. 18 U.S.C. § 3142(e). A finding that no condition or combination of conditions will reasonably assure the safety of the community must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f). A finding that no condition or combination of conditions will reasonably assure the defendant's appearance, however, must only be established by a preponderance of the evidence. *United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985). "Perhaps counter-intuitively, the government's evidentiary burden is lesser to prove a flight risk than to prove risk of harm." *United States v. Kisling*, 334 F.3d 734, 735, n.3 (8th Cir. 2003) (citing *Orta*).

In determining whether any condition of combination of conditions will reasonably assure the defendant's appearance as required and the safety of the community, the Court must take into account the available information concerning (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant, including (a) the defendant's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings,

and (b) whether, at the time of the current offense or arrest, the defendant was on probation, parole, or other pretrial release; and (4) the nature and seriousness of the danger to the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). *See also United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003).

The Government has the burden of proof in this regard. It is aided in this case, however, by a rebuttable presumption found at 18 U.S.C. § 3142(e). If the Court finds there is probable cause to believe that the person committed an offense for which a maximum term of imprisonment of ten years or more is prescribed by the Controlled Substances Act, 21 U.S.C. § 801 *et seq.*, then there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community. The return of an Indictment by a Grand Jury is sufficient to support a finding by the Court that there is probable cause to believe that the Defendant committed the offense identified in the Indictment. *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987). In a "presumption case," the defendant bears a limited burden of production--not a burden of persuasion--to rebut the presumption by coming forward with evidence he does not pose a danger to the community or a risk of flight. *Abad*, 350 F.3d at 797 (citing *United States v. Mercedes*, 254 F.3d 433, 436 (2d Cir. 2001)). Once the defendant has met his burden of production relating to these two factors, the presumption favoring detention does not disappear entirely, but remains a factor to be considered among those weighed by the court. *Id. See also United States v. Jessup*, 757 F.2d 378, 382-84 (1st Cir. 1985).

Turning to the facts in the instant action, Defendant is charged with possession of crack cocaine with the intent to distribute. The weight of the evidence against Defendant is fairly strong. During a traffic stop, Officer Baughan observed Defendant pull an object from his left front pocket. The object fell to the ground, and Defendant kicked at it. Officer Baughan detained Defendant and requested assistance from a K-9 unit. The dog circled the vehicle, and indicated on the ground underneath the driver's side of the car.

Officer Baughan found a cellophane bag under the vehicle, which contained 21 grams of crack cocaine.

Defendant has some connection to Iowa, but also has a significant connection to Chicago, Illinois. Defendant has a history of charges involving drugs and violent behavior. Defendant also has a history of being charged with criminal activity while on conditional discharge and on release on bond. If convicted on the instant charge, Defendant would face a mandatory prison sentence of 5 years with a maximum sentence of 40 years. The Court has no confidence that Defendant would comply with the terms and conditions it would impose if he were released. Therefore, based on the serious nature and circumstances of the offense, and the rebuttable presumption, the Court finds that Defendant should be detained pending trial.

Based on the legal standards set forth above, and considering the evidentiary factors found in 18 U.S.C. § 3142(g), the Court finds the Government has met its burden of proving by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of Defendant as required. The Court further finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Defendant is released. Therefore, pursuant to 18 U.S.C. § 3142(e), the Court concludes that Defendant should be detained prior to trial. Defendant was advised in open court of his right to file a motion with the District Court for revocation or amendment of this Order.

**ORDER**

IT IS THEREFORE ORDERED as follows:

1. The Defendant is committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.

2. The Defendant shall be afforded reasonable opportunity for private consultation with counsel.

3. On order of a Court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the Defendant is confined shall deliver the Defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

4. The time from the Government's oral motion to detain (March 21, 2011) to the filing of this Ruling (March 25, 2011) shall be excluded in computing the time within which the trial must commence pursuant to the Speedy Trial Act. 18 U.S.C. § 3161(h)(1)(D).

DATED this 25th day of March, 2011.

JON STUART SCOLES
UNITED STATES MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA